UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, | |
| Plaintiff, | Civil Action No. 14-6995 (MAS)(DEA) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| JITENDRA PATEL, | |
| Defendant. | |

ARPERT, Magistrate Judge

This matter comes before the Court on a Motion by Plaintiff to stay this matter for 90 days pursuant to 12 U.S.C. § 1821(d)(12) or, in the alternative, to stay this matter for 180 days pending completion of the claims process mandated in 12 U.S.C. § 1821(d) [Dkt. No. 6]. Defendant opposes Plaintiff's Motion [Dkt. No. 7].

I. BACKGROUND

This matter arises out of a Complaint initially filed by the National Republic Bank of Chicago (the "Bank") in the Superior Court of New Jersey, Law Division, Monmouth County against Jitendra Patel ("Defendant"). *See* Dkt. No. 1, Ex. 4. The Bank's Complaint, filed on August 2, 2012, alleges claims arising from Defendant's default on a $7,000,000 loan. On October 4, 2012, Defendant filed an Answer, Counterclaim and Third-Party Complaint.[1] On October 24, 2014, the Federal Deposit Insurance Corporation (the "FDIC" or "Plaintiff") was

---

[1] Defendant's Counterclaim alleges four causes of action again the Bank: (1) Fraud; (2) Breach of Fiduciary Duty; (3) Predatory Lending; and (4) Negligence. [1] *See* Dkt. No. 1, Ex. 4 at p. 6-19. Defendant's negligence claim was dismissed with prejudice on February 8, 2013. Ex. 4 at p. 23-4.

1

appointed as Receiver for the Bank, and on November 7, 2014, the FDIC removed the action to this Court pursuant to 12 U.S.C. § 1819(b)(2). *See* Dkt. No. 1.

**II.      DISCUSSION**

Plaintiff filed the present Motion seeking the entry of an Order staying this matter for 90 days pursuant to 12 U.S.C. § 1821(d)(12) or, in the alternative, a stay of this matter for 180 days pending Defendant's completion of the claims process mandated in 12 U.S.C. § 1821(d). Defendant opposes Plaintiff's Motion and argues that Plaintiff is not entitled to a stay of this action under either provision.

**A. Stay Pursuant to 12 U.S.C. § 1821(d)(12)**

Plaintiff claims that the Court's entry of the requested stay is mandatory under § 1821(d)(12) and contends that the 90 days should commence from the entry of an Order by this Court granting Plaintiff's Motion. Defendant does not contest that Plaintiff is entitled to a stay of the matter pursuant to § 1821(d)(12). However, Defendant disagrees with Plaintiff's asserted duration of the stay.

Under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), "[a]fter the appointment of a . . . receiver for an insured depository institution, the . . . receiver may request a stay for a period not to exceed . . . 90 days." 12 U.S.C. § 1821(d)(12)(A). While the receiver "is automatically entitled to such a stay under section 1821(d)(12)" and the Court must grant a receiver's request for a 90 day stay as to all parties, "the stay expires no later than 90 days after the [receiver's] appointment." *Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A.*, 947 F.2d 49, 71 (3d Cir. 1991).

In the present case, the FDIC was appointed as Receiver for the Bank on October 24, 2014. Therefore, because more than 90 days have passed since the FDIC's appointment, the

Court finds that the FDIC is not entitled to the 90 day stay under § 1821(d)(12). Accordingly, Plaintiff's Motion to stay this matter for 90 days pursuant to § 1821(d)(12) is DENIED.

**B.       Stay Pursuant to 12 U.S.C. 1821(d)(3)-(5)[2]**

In the alternative to a stay under § 1821(d)(12), Plaintiff claims that this matter should be stayed pursuant to § 1821(d)(3)-(5) until Defendant has completed FIRREA's administrative claims process. Plaintiff asserts that until Defendant has exhausted the administrative claims process, the Court does not have jurisdiction over Defendant's counterclaims. Defendant contends that the stay sought by Plaintiff is improper because Plaintiff initiated the action and Defendant's counterclaims predate the FDIC's appointment.

FIRREA sets forth an "administrative claims process for institutions in receivership and limits judicial review of certain claims." *Tellado v. IndyMac Mortgage Servs.,* 707 F.3d 275, 279 (3d Cir. 2013). Under § 1821(d)(13)(D):

> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D). The administrative claims process requires the FDIC to provide notice of the institution's failure to the creditors of the institution and such notice directs those

---

[2] The Court notes that Plaintiff's argument for a 180 day stay pursuant to FIRREA's administrative exhaustion requirement was improperly raised for the first time in Plaintiff's reply brief. *See* Merling v. Horizon Blue Cross Blue Shield of New Jersey, 2009 WL 2382319, at *10 (D.N.J. July 31, 2009) ("parties may not use the reply to raise a new issue"). However, because Defendant requested and was granted permission to file a sur reply, the Court will address Plaintiff's argument.

creditors to present their claims by a bar date specified on the notice. 12 U.S.C. § 1821(d)(3)(B). Claims that are not filed with the FDIC by the bar date are generally disallowed. 12 U.S.C. § 1821(d)(5)(C)(i). If a claim is timely filed, then the FDIC has 180 days from the filing date to either allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A). If the claim is not ruled upon within this time frame, or if it is denied, then the claimant has 60 days to seek administrative review or to pursue an action in district court. 12 U.S.C. § 1821(d)(6)(A). If the claimant, however, fails to exercise either option, then, "the claimant shall have no further rights or remedies with respect to such claim." 12 U.S.C. § 1821(d)(6)(B).

The Third Circuit has interpreted § 1821(d)(13)(D) as a "statutory exhaustion requirement: in order to obtain jurisdiction to bring a claim in federal court, one must exhaust administrative remedies by submitting the claim to the receiver in accordance with the administrative scheme for adjudicating claims detailed in § 1821(d)." *Nat. Union Fire Ins. Co. of Pittsburgh,* 28 F.3d at 383; *see also Rosa v. Resolution Trust Corp.,* 938 F.2d 383, 391 (3d Cir.1991). As a result of FIRREA's jurisdictional bar on judicial review of claims against failed institutions before the administrative process is exhausted, Courts have inferred the availability of 180 day-stay "to allow [the FDIC] to perform its statutory function of promptly determining claims so as to quickly and efficiently resolve claims against a failed institution without resorting to litigation." *See Rosa,* 938 F.2d at 396 (citing H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess. 418–19, reprinted in 1989 U.S.Code Cong. & Admin. News 86, 214–15).

While the Third Circuit has not expressly addressed whether a claim is subject to the administrative procedure in § 1821(d) where an outstanding judicial proceeding is commenced against a financial institution before it fails and is placed into receivership, this Court has found that the jurisdictional bar applies to a "pre-receivership suit, against the FDIC, as a receiver of a

failed banking institution, until, or unless, a claimant complies with, or is excused from, FIRREA's claims procedure." *Walker v. F.D.I.C.*, 2009 WL 5216980, at *6 (D.N.J. Dec. 29, 2009). However, in actions initiated by the depository institution before its failure, "neither the exhaustion of remedies requirement nor the administrative claims procedure applies . . ." *Praxis,* 947 F.2d at 63; *see also Estate of Harding By Williams v. Bell*, 817 F. Supp. 1186, 1195 (D.N.J. 1993) ("The FDIC . . . could not invoke the 180–day stay when the FDIC takes control of a depository institution who is a plaintiff in pending litigation and when the FDIC is appointed conservator of a bridge institution rather than a failed thrift.")[3]

Here, the underlying suit was initiated by the Bank before its failure. The Bank's Complaint was filed in New Jersey Superior Court, Monmouth County on August 2, 2012, following Defendant's default on a $7,000,000 loan. *See* Dkt. No. 1, Ex. 4 at p. 2-5. Defendant's Answer, Counterclaim and Third-Party Complaint was filed on October 4, 2012. *See* Dkt. No. 1, Ex. 4 at p. 6-19. The FDIC was appointed as the Bank's receiver on October 24, 2014 and the case was removed to this Court on November 7, 2104, by which time the underlying suit in Superior Court had been pending for over two years. Therefore, because this action was initiated by the Bank before it failed and Defendant's counterclaims were filed pre-receivership, the Court finds that Defendant is not required to exhaust the administrative process before Defendant's counterclaims may be litigated in this Court. Accordingly, no jurisdictional bar applies to Defendant's claims and Plaintiff's Motion for a 180-day stay of this matter is DENIED.

---

[3] Counterclaims filed post-receivership are not exempt from the administrative exhaustion requirement. *See Resolution Trust Corp. v. W.W. Dev. & Mgmt., Inc.*, 73 F.3d 1298, 1310 (3d Cir. 1996) (finding that "a post-receivership counterclaim is subject to section 1821(d)(13)(D)'s jurisdictional bar").

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 6th day of February, 2014,

**ORDERED** that Plaintiff's Motion to stay this case for 90 days [Dkt. No. 6] is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to stay this case for 180 days [Dkt. No. 6] is **DENIED**.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge